GERON LEGAL ADVISORS
Yann Geron
Jeannette Litos
Nicole N. Santucci
370 Lexington Avenue, Suite 1101
New York, New York 10017
(646) 560-3224

*Attorneys for Yann Geron, Chapter 7 Trustee*

Hearing Date: May 24, 2022
At: 10:00 a.m. (ET)

Objection Deadline: May 17, 2022

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                              :    Chapter 7
                                                   :
THE NORTHWEST COMPANY, LLC, *et al.*,              :    Case No. 20-10990-mew
                                                   :
                                    Debtors.       :    (Jointly Administered)
----------------------------------------------------------------x

# CHAPTER 7 TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING HIM TO PAY EXPENSES OF REID COLLINS & TSAI LLP, TRUSTEE'S SPECIAL LITIGATION COUNSEL, FOR EXPERT TO SUPPORT TRUSTEE'S LITIGATION CLAIMS

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Yann Geron (the "Trustee"), as chapter 7 trustee of the estates of The Northwest Company, LLC ("Northwest") and The Northwest.com LLC (collectively, the "Debtors"), the above-captioned debtors, by his attorneys, Geron Legal Advisors, as and for his application (the "Application") for an order authorizing him to pay litigation expenses of Reid Collins & Tsai LLP ("Reid Collins"), Trustee's special litigation counsel, as contemplated by the Trustee's letter of engagement agreement with Reid Collins (the "LOE"), approved by this Court's May 21, 2021 Order authorizing his retention and employment of Reid Collins [DE 460] (the "Reid Collins Retention Order"), respectfully sets forth and represents as follows:

## Jurisdiction

1.  This Court has jurisdiction over this case and Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is

proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On April 18, 2020, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") [DE 1].

3. By order, dated April 20, 2020, the Debtors' cases were consolidated, for procedural purposes only, and are being jointly administered by the Court [DE 9].

4. On November 20, 2020, upon motion of Ashford Textiles LLC, the Debtors' cases were converted to cases under chapter 7 of the Bankruptcy Code [DE 385]. On November 23, 2020, Yann Geron was appointed interim chapter 7 trustee of the Debtors' estates [DE 386]. Mr. Geron has since qualified as the permanent trustee herein and is currently serving in that capacity.

5. The Trustee retained and employed Reid Collins as his special litigation counsel to pursue and litigate the claims asserted in connection with the pending Extreme Horse Limited ("Extreme Horse") adversary proceeding (Adv. Pro. No. 20-01082-mew) (the "Adversary Proceeding"). The Reid Collins Retention Order approved the LOE. The LOE provides that, subject to Court approval, the Trustee will pay all costs and expenses reasonably incurred by Reid Collins relating to this matter.

6. The Debtors filed the original complaint (the "Original Complaint") in the Adversary Proceeding on May 4, 2020 [DE 47]. When this bankruptcy case was converted from a chapter 11 case to a chapter 7 case, the Trustee became the plaintiff in the Adversary Proceeding.

7. By motion, dated October 1, 2021 (the "Motion to Amend"), the Trustee, through Reid Collins, sought to amend the Original Complaint against Extreme Horse, to add Northwest Textile Holdings LLC ("Textiles") as a party defendant, supplement the Original

2

Complaint with factual allegations, and assert fraudulent conveyance claims [Adv. Pro. DE 11]. Following a hearing, the Motion to Amend was generally approved by the Court. The claims asserted by the Trustee against Extreme Horse and Textiles as asserted in the amended complaint total no less than $5 million.

8. The Trustee has since settled his claims against Extreme Horse and is moving towards a trial of his claims against Textiles. The case management order entered in the Adversary Proceeding provides that all discovery, including expert discovery, must be completed by August 22, 2022 [Adv. Pro. DE 49].

9. Reid Collins has concluded that the expense of R. G. Quintero & Co. ("RGQ&Co.") is a necessary cost associated with the Trustee's claims against Textiles at trial. RGQ&Co. will provide the financial analysis and forensic accounting services in support of the Trustee's claims.

10. The factual and legal issues relating to the Adversary Proceeding are numerous and complex, and Reid Collins seeks to present as fulsome a case as possible of the estates' claims. This necessitates acquiring the services of someone with the expertise required to analyze and report on financial information, including financial information related to the Debtors' business operations and its ability to pay debts to support Reid Collins' efforts and to prove the Trustee's claims at trial.

11. RGQ&Co. has provided Reid Collins with an engagement letter containing the terms and conditions for RGQ&Co.'s services. RGQ&Co. has agreed to cap its fees for an expert report at $25,000, unless it is given prior written authorization by Reid Collins to exceed that cap upon further order of the Court. The cap shall not apply to a rebuttal report, testimony, and preparation for testimony. RGQ&Co.'s professional fees are based on the number of hours worked at its standard hourly billing rates plus out-of-pocket costs incurred. RGQ&Co.'s current standard

hourly rates for the persons who may work on this engagement range from $355 to $655 per hour. The engagement letter requires monthly payments to RGQ&Co. of fees and reimbursement of expenses all of which are costs of Reid Collins. Reid Collins will review and approve such bills prior to submission to the Trustee for payment.

## Relief Requested

12. By this Application, the Trustee seeks entry of an order authorizing him to pay the expense required to be incurred by Reid Collins for the costs of the expert they retained to advance the estates' interests in the Adversary Proceeding.

13. Accordingly, by this Application, the Trustee seeks the entry of an order authorizing him to pay from funds of the Northwest estate the costs to be incurred by Reid Collins to retain and employ RGQ&Co. RGQ&Co. will be retained pursuant to the terms and provisions of its engagement letter with Reid Collins. Payments to RGQ&Co. will be made monthly upon receipt and approval of the bills rendered by RGQ&Co. to Reid Collins. As required by the Reid Collins Retention Order, allowance of all fees and expenses charged by or paid to RGQ&Co. shall be subject to a final application for allowance of compensation and reimbursement of expenses by Reid Collins pursuant to Section 330 of the Bankruptcy Code.

14. The Trustee believes that payment by the Northwest estate of the reasonable costs incurred by Reid Collins for the expert services of RGQ&Co. on the terms described above is in the best interests of the Trustee, the Debtors, their estates, and creditors. The Northwest estate has sufficient funds to pay RGQ&Co.'s fees.

## Notice and Procedure

15. Notice of the Application has been given to all known creditors and parties in interest, all parties requesting notice, and the United States Trustee. Additionally, complete copies of this Application and exhibits have been served upon all parties requesting notice and the

United States Trustee. The Trustee submits that no other or further notice is required or necessary.

16. This Application includes citations to the applicable rules and statutory authorities upon which the relief requested is predicated. Accordingly, the Trustee respectfully submits that this Application satisfies the requirements of Local Bankruptcy Rule 9013-l(a).

**No Prior Relief**

17. Except as detailed herein, no other application for relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form annexed as Exhibit A, authorizing him to him to pay the litigation expenses of Reid Collins, and granting him such other and further relief as is just.

| | |
|---|---|
| Dated: New York, New York<br>May 10, 2022 | GERON LEGAL ADVISORS<br>*Attorneys for Yann Geron, Chapter 7 Trustee*<br><br>By: *s/ Yann Geron*<br>Yann Geron<br>Jeannette Litos<br>Nicole N. Santucci<br>370 Lexington Avenue, Suite 1101<br>New York, New York 10017<br>(646) 560-3224 |